RITA JACCARINO, PLAINTIFF-APPELLANT, v. FACTORY PROPERTIES, A CORPORATION, AND AMERICAN HOME PRODUCTS CORPORATION, A CORPORATION, DEFENDANTS-APPELLEES.

Submitted October 2, 1944—Decided January 9, 1945.

Before BROGAN. CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiff-appellant, *James W. Dynes* (*Elsie L. White,* of counsel).

For the defendants-appellees, *Carey & Lane* (*Harry Lane* and *David A. Pindar,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment of nonsuit. The rule for judgment recites that the defendants moved for a nonsuit on the ground that the complaint filed in the cause did not set forth a legal cause of action and, further, that the opening of counsel to the jury was at variance with the allegations of the complaint. The motion was granted, judgment entered, hence this appeal.

The sole ground of appeal is stated as follows: "(1) That the Hudson County Court of Common Pleas erred in rendering a judgment of 'nonsuit' on the ground that the complaint heretofore filed in the above-entitled cause was defective inasmuch as it was stated in said complaint that the plaintiff was 'lawfully' on the premises, thereby allegedly placing her in the category of a mere licensee whereas the plaintiff sought to hold the defendant corporations liable on the theory of invitation."

The plaintiff-appellant seems to have suffered personal

injuries on April 21st, 1941, on premises owned by Factory Properties, Inc., and controlled and maintained by American Home Products Corporation. The complaint alleges that on April 24th, 1941, while the plaintiff "was lawfully in the use of a stairway * * * controlled by the defendants * * * she was injured through the negligence and carelessness of the defendants, &c. * * *." As a licensee she might be lawfully on the premises. If that was her status, mere negligence of the defendants would not make them answerable in damages. Nowhere in the complaint is the plaintiff said to have been an invitee.

The brief of the appellant contains statements of fact and other information not averred in the complaint but said to have been extracted from the bill of particulars and answer thereto. This is improper practice. The demand for particulars and the answer have not been printed in the state of case and reference to anything which is not part of the record on appeal should not be made. The detail supplied by answer to demand for particulars may not be used as a supplement to the complaint as a pleading. A bill of particulars is not a part of the complaint and may not be used to enlarge or limit the averments thereof. Nothing may be used to enhance a pleading unless it be made expressly a part thereof. *Brown* v. *Warden,* 44 *N. J. L.* 177; *Metzger* v. *Credit System,* 59 *Id.* 340; *Melick* v. *Foster,* 64 *Id.* 394.

· The argument of the appeal proceeds under two points, the first of which is stated as follows: Should the court below have permitted an amendment of the complaint filed so as to permit plaintiff-appellant to proceed on the theory of implied or express invitation? The answer to that, so far as we can perceive, is that there is nothing in the record to indicate that such an amendment was ever asked for. Under the second point it is said that if an amendment had been permitted by the trial court on the day of the trial which was March 14th, 1944, "would a new separate and distinct cause of action have been set forth?" This question, in view of the state of case before us, possesses neither relevancy nor materiality.

The judgment should be affirmed, with costs.